**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WARREN MAURAN, | No. 17-56494 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07808-RGK-JC |
| v. | |
| WALMART INC., a Delaware corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted September 12, 2019
Pasadena, California

Before: WARDLAW, BERZON, and BADE, Circuit Judges.

Warren Mauran appeals the district court's entry of summary judgment in favor of Walmart on his age discrimination, failure to prevent discrimination, and declaratory relief claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12920–12923, and his wrongful termination in violation of public policy and defamation claims. Mauran also appeals the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court's orders denying his request to extend the discovery schedule, striking certain filings for violating the local rules, and awarding costs to Walmart. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's entry of summary judgment de novo, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011), and affirm. We review case management rulings and awards of costs for an abuse of discretion, *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007); *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016), and affirm the district court's case management rulings, reverse the denial of Mauran's motion to re-tax costs, and vacate.

## I.

Mauran argues he was wrongfully terminated from his position at Walmart because of his age. The district court properly characterized Mauran's evidence as circumstantial and applied the *McDonnell Douglas* burden-shifting analysis to Mauran's employment discrimination claims. *See DeJung v. Superior Court*, 87 Cal. Rptr. 3d 99, 111 (Cal. Ct. App. 2008). The district court correctly concluded that although Mauran established a prima facie case of age discrimination, Walmart articulated legitimate, non-discriminatory reasons for Mauran's termination, and Mauran failed to present sufficient evidence to create a triable issue that Walmart's proffered reasons were mere pretext for unlawful

discrimination. *See Merrick v. Hilton Worldwide, Inc.,* 867 F.3d 1139, 1146–47 (9th Cir. 2017) (citing *Guz v. Bechtel Nat'l Inc.,* 8 P.3d 1089, 1113 (Cal. 2000)).

There was evidence that one of the decisionmakers whose earlier discipline of Mauran was part of the basis for his eventual termination had made negative remarks about Mauran's age. But any plausible connection between those remarks and the disciplinary decision was absent because (1) the conclusion that Mauran violated AP-09 was a reasonable one, given the wording of the policy and the behavior shown on the videotape in the record, and (2) a much younger employee was terminated for the same behavior for which Mauran was "coached" but not terminated. The totality of the evidence, viewed in light most favorable to Mauran, was not sufficiently specific or substantial to show that Walmart's proffered reasons for terminating Mauran were unworthy of credence. *See Cornwell v. Electra Cent. Credit Union,* 439 F.3d 1018, 1028–29 (9th Cir. 2006).

Because Mauran failed to establish his age discrimination claim under the FEHA, his failure to prevent discrimination and wrongful termination in violation of public policy claims also failed. *See Caldera v. Dep't of Corrs. & Rehab.,* 235 Cal. Rptr. 3d 262, 273 (Cal. Ct. App. 2018); *Hanson v. Lucky Stores, Inc.,* 87 Cal. Rptr. 2d 487, 496–97 (Cal. Ct. App. 1999).

The district court also correctly applied *Harris v. City of Santa Monica*, 294 P.3d 49 (Cal. 2013), and concluded that the FEHA authorizes declaratory relief as

3

a remedy to prevent ongoing discrimination, not as an independent cause of action. *See id.* at 67–68. Because Mauran failed to establish his age discrimination claim, the district court correctly entered summary judgment on Mauran's claim for declaratory relief.

## II.

Mauran also argues that Walmart's stated reason for his termination was defamatory and was published during the meeting when he was terminated and when he was required to explain the reason for his termination to prospective employers. The district court correctly concluded that even if the statement were published, it fell under the common interest privilege, codified in section 47 of California's Civil Code, because Mauran failed to show that Walmart acted with actual malice. *See Noel v. River Hills Wilsons, Inc.,* 7 Cal. Rptr. 3d 216, 220–21 (Cal. Ct. App. 2003) (citing *Lindquiest v. Reusser,* 875 P.2d 1279, 1285 (Cal. 1994)). Because Mauran did not establish that Walmart was motivated by age-related animus, and failed to make any alternative showing of actual malice, summary judgment on Mauran's defamation claim was appropriate. *See King v. United Parcel Serv., Inc.*, 60 Cal. Rptr. 3d 359, 372 (Cal. Ct. App. 2007).

## III.

The district court did not abuse its discretion in denying Mauran's motion to extend the discovery deadline or by striking two filings that violated the local

4

rules. *See Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002). The district court, however, abused its discretion in denying Mauran's motion to re-tax costs. The district court failed to appreciate the potential chilling effect on future civil rights actions or to consider whether severe injustice would result from an award of costs. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999). The district court also abused its discretion by failing to consider the economic disparity between the parties. *See Draper*, 836 F.3d at 1088–89. We therefore reverse the denial of Mauran's motion to re-tax costs, vacate the award of costs to Walmart, and remand to the district court to reconsider its cost award in light of this disposition.

**AFFIRMED** in part; **REVERSED** and **VACATED** in part; **REMANDED**.

*Warren Mauran v. Walmart, Inc.,* No. 17-56494

Bade, Circuit Judge, dissenting in part.

I respectfully dissent from the conclusion in part III that the district court abused its discretion in awarding costs to Walmart. The district court properly applied Rule 54(d)(1), considered Mauran's arguments against awarding costs, and did not abuse its discretion by concluding that Mauran had not rebutted the presumption for awarding costs to the prevailing party. *See* Fed. R. Civ. P. 54(d)(1); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). I would affirm the award of costs.